UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE POWER OF FEW, LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6080** |
| **DOES 1-19** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion[1] to sever for misjoinder filed by defendant John Doe 2. Also before the Court is a similar motion[2] to sever for misjoinder filed by defendant John Doe 17. Plaintiff, The Power of Few, LLC, opposes the motions.[3]

According to the complaint, plaintiff "is a developer and producer of motion pictures."[4] Plaintiff alleges that defendants, John Does 1-21, "engaged in mass copyright infringement of Plaintiff's Movie" by downloading it and participating in a "single swarm" through the use of a "BitTorrent protocol network."[5]

John Doe 2 and John Doe 17 assert that their cases should be severed pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure.

Rule 20(a)(2) provides:

---

[1] R. Doc. No. 13.

[2] R. Doc. No. 10.

[3] R. Doc. No. 21; R. Doc. No. 22. Although both defendants move to "dismiss or sever," plaintiff correctly assert that "[m]isjoinder of parties is not a ground for dismissing an action." R. Doc. No. 22-1, at 5 (quoting Fed. R. Civ. P. 21). Rule 21 permits the Court to "drop a party" or "sever any claim against a party."

[4] R. Doc. No. 1, at 1.

[5] R. Doc. No. 1, at 1-2.

-1-

> (2) Defendants. Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Many district courts have considered the issue of joinder in BitTorrent copyright cases, and this Court assumes familiarity with the background information set forth in those other courts' opinions.[6] No circuit court of appeals has addressed the issue.

While plaintiff contends that "[c]ourts across the country have found joinder proper in copyright infringement BitTorrent actions,"[7] the majority of district courts have rejected the "swarm joinder theory."[8] *See Kill Joe Nevada, LLC*, 2013 WL 3381260, at *4 ("This Court follows the reasoning of the majority of district courts, including this district, which reject the 'swarm joinder' theory."); *W. Coast Prods., Inc. v. Swarm Sharing Hash Files*, No. 12-1713, 2012 WL 3560809, at *3 (W.D. La. Aug. 17, 2012) (Hill, Mag. J.); Donald R. Cassling & E. King Poor, 1 Bus. & Com. Litig. Fed. Cts. § 13:33 (3d ed.) (updated 2013) ("[T]he emerging majority rule among district courts is to sever the claims and require the plaintiff to file against each infringer individually.").

---

[6]*E.g.*, *Kill Joe Nevada, LLC v. Does 1-10*, No. 13-1516, 2013 WL 3381260 (N.D. Ga. July 8, 2013) (Carnes, C.J.) (considering joinder issue *sua sponte*).

[7]R. Doc. No. 22-1, at 3-4 (citing cases).

[8]R. Doc. No. 13-1, at 3 (citing cases).

Having reviewed persuasive district court decisions on both sides of the issue,[9] the Court finds the majority's approach to be the more persuasive one.

Accordingly,

**IT IS ORDERED** that the motions to sever are **GRANTED**.

**IT IS FURTHER ORDERED** that the Court **SEVERS** John Does 2-19 from the above-captioned matter and that the claims against them are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that, should plaintiff separately file actions against John Does 2-19 that involve claims substantially similar to those raised in the present case, plaintiff shall designate any such actions as "related" to the above-captioned matter.

New Orleans, Louisiana, November 21, 2013.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[9]*See, e.g.*, *Kill Joe Nevada, LLC*, 2013 WL 3381260 (concluding joinder was improper); *Voltage Pictures, LLC v. Does 1-31*, 291 F.R.D. 690, 691 (S.D. Ga. 2013) (Smith, Mag. J.) (same); *Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161 (E.D. Mich. 2012) (Randon, Mag. J.) (concluding joinder was proper), report and recommendation adopted, 286 F.R.D. 319 (E.D. Mich. 2012) (Hood, J.).